# BORRELLI & ASSOCIATES
## P.L.L.C.
www.employmentlawyernewyork.com

| | |
|---|---|
| 655 Third Avenue | 910 Franklin Avenue |
| Suite 1821 | Suite 200 |
| New York, NY 10017 | Garden City, NY 11530 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

April 2, 2021

<u>Via ECF</u>
The Honorable Brian M. Cogan
United States District Judge for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Daniel Saltos v. Edita's Bar & Restaurant, Inc. d/b/a Flamingo Bar & Grill*
             <u>Docket No.: 21-cv-00509 (BMC)</u>

Dear Judge Cogan:

      We represent Plaintiff Daniel Saltos in the above-referenced single-plaintiff action arising under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") against Defendants Edita's Bar & Restaurant, Inc. d/b/a Flamingo Bar & Grill, and Doll's Rest Inc., and Edita D'Angelo, individually (all three, together, as "Defendants"). We write, jointly with Defendants, pursuant to the Court's Order dated March 10, 2021, which directed the parties to submit this letter in advance of the April 7, 2021 initial conference. Counsel for the parties have conferred and prepared the following:

    **1.** **<u>Factual and Legal Basis for the Claims and the Principal Defenses:</u>**

<u>Plaintiff's Portion</u>:

      In this wage and hour action, Plaintiff brings claims against Defendants, his former employers - - two corporations that operate as a single enterprise to run two Queens-based restaurants and their owner and day-to-day overseer - - for overtime violations under the FLSA and the NYLL, and minimum wage violations under the NYLL. Plaintiff worked for Defendants from in or around December 2017 to December 9, 2019 as a waiter, at Defendants' two restaurants

in Queens. Plaintiff claims that Defendants required Plaintiff to work in excess of forty hours per week, yet Defendants failed to compensate Plaintiff at least at the rate of one and one-half times the minimum wage rate or his regular rate, whichever was greater, for any hours that he worked in excess of forty in a week. Instead, Defendants compensated Plaintiff on an hourly basis at his straight-time rate for all hours worked, which was below the minimum wage that New York requires at all times. Furthermore, Plaintiff claims that Defendants, also in violation of the NYLL, failed to: provide Plaintiff with all of his earned wages in a timely manner by failing to pay Plaintiff any wages for his work from November 17 through December 9, 2019, despite Plaintiff working approximately forty-seven and one-half hours each week during that period; provide Plaintiff with accurate wage statements on each payday that contained, *inter alia,* his overtime rate of pay for the hours that he worked in a week over forty; and provide Plaintiff with any wage notice upon hire, let alone an accurate notice.

Defendants' Portion:

Defendants deny factual allegations in the complaint. After a preliminary review of Plaintiff's time records, Plaintiff actually started working at Defendants' restaurant on August 6, 2018, except for the three days of the "training" period from March 19 2018 to March 21, 2018. Starting from August 6, 2018, Plaintiff worked approximately 2 to 4 days per week at Edita's Bar & Restaurant and approximately 1-2 day(s) per week at Doll's Rest Inc. At either location, Plaintiff worked approximately 7.5 hours per day with a thirty-minute break. Plaintiff was paid on a weekly basis by check, received accurate wage statements, and was properly paid for all hours worked.

Additionally, Defendants specifically state that the hours alleged in the Complaint are hugely exaggerated. For instance, Plaintiff alleged that he worked approximately forty-seven and one-half hours, from 8:00 p.m. until approximately 5:30 a.m., Tuesday and Wednesday at Doll, and Thursday through Saturday at Edita's Bar & Restaurant from November 17 through December 9, 2019, but Defendants did not pay Plaintiff. However, Defendants' records reflect that Plaintiff was paid for all hours worked during that period and was provided a proper wage statement each week. Furthermore, Plaintiff had no way to work at Doll on Tuesdays as Doll was closed on every Monday and Tuesday. Defendants are still in the process of gathering and reviewing employee records and will produce them during discovery.

## 2. Brief Explanation of why Jurisdiction and Venue Lie in this Court:

Plaintiff's Portion:

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. This Court has supplemental jurisdiction over Plaintiff's claims arising under New York law pursuant to 28 U.S.C. § 1367(a), as Plaintiff's NYLL claims arise out of the same alleged conduct as Plaintiff's FLSA claims such that they form part of the same case or controversy. Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(2), as a substantial

part of the events or omissions giving rise to the claims for relief occurred within this judicial district, specifically at Defendants' two restaurants located in Queens.

**3. Contemplated Motions:**

The Parties do not anticipate filing any motions at this time, although Plaintiff anticipates moving for summary judgment on liability, if not damages, at the conclusion of discovery.

We thank the Court for its time and attention to this matter.

                                              Respectfully submitted,

                                              Matthew J. Farnworth, Esq.
                                                   *For the Firm*

C:       Counsel for Defendants (*via* ECF)